IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CACH, LLC                                      PLAINTIFF/COUNTER-DEFENDANT

v.                           Case No. 15-6042

WILLIAM ECHOLS, on behalf of
a class of similarly situated            DEFENDANT/COUNTER-PLAINTIFF
Arkansas residents                         AND THIRD-PARTY PLAINTIFF

v.

SQUARETWO FINANCIAL CORPORATION               THIRD-PARTY DEFENDANT

GENE SLAYTON                                    THIRD-PARTY PLAINTIFF


**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendant William Echols's motion to remand (Doc. 17) and brief in support (Doc. 18), and Plaintiff CACH, LLC's response in opposition (Doc. 25) and brief in support (Doc. 26). For the reasons set forth below, the motion to remand is GRANTED.

Plaintiff CACH, LLC ("CACH") is the assignee of a credit card account in the name of Defendant Echols. The original creditor, non-party GE Money Retail Bank, issued the credit card in Echols's name. Echols received and used the card. On November 14, 2013, CACH filed a complaint against Echols in Clark County District Court, Arkadelphia Division, alleging

breach of contract.[1] CACH alleged that Echols defaulted on his obligation to pay for the charges incurred with the credit card issued by GE Money Retail Bank, and that the obligation had been assigned to CACH, who was therefore entitled to enforce the contract and receive payment of the credit card balance.

Echols responded that same day by filing an answer, class action counterclaim, and class action third-party complaint. The counterclaim against CACH included claims under the Arkansas Deceptive Trade Practices Act ("ADTPA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), and for abuse of process. The third-party complaint alleged a claim under the ADTPA against third-party defendant SquareTwo Financial Corporation ("SquareTwo"). CACH and SquareTwo separately filed answers to the claims asserted against them.

On September 15, 2014, Echols filed a first amended class action counterclaim against CACH and SquareTwo (the "first amended counterclaim").[2] The first amended counterclaim alleged violations of the ADTPA and claims for unjust enrichment, malicious prosecution, and abuse of process against both CACH

---

[1] The action was later transferred to the Circuit Court of Clark County, Arkansas.
[2] Although it is a third-party complaint and not a counterclaim with respect to SquareTwo, the Court will use the terminology of the state court pleadings—which is also used by the parties in their briefs—throughout this opinion.

and SquareTwo. CACH and SquareTwo filed a joint answer to the amended counterclaim on October 20, 2014, and an amended answer on December 4, 2014.

On April 6, 2015, CACH and SquareTwo filed a motion for partial summary judgment on the first amended counterclaim. On April 8, 2015, Echols filed a second amended class action counterclaim against CACH and SquareTwo (the "second amended counterclaim"). In the second amended counterclaim, Echols added Gene Slayton as an additional class representative and joined him as a party to the action. The second amended counterclaim alleged violations of the FDCPA and AFDCPA against CACH, and violations of the ADTPA against both CACH and SquareTwo. It also asserted claims of unjust enrichment and abuse of process against CACH.

CACH filed a motion to voluntarily dismiss the state court lawsuit under Arkansas Rule of Civil Procedure 41(a) on April 29, 2015. The following day, on April 30, 2015, CACH and SquareTwo removed the case to this Court under 28 U.S.C. § 1441(a), asserting both federal question and diversity jurisdiction. In the notice of removal, CACH and SquareTwo asserted that the second amended counterclaim "constituted the filing of a new and independent Complaint by Slayton against CACH and SquareTwo as defendants." (Doc. 1, p. 4). On May 5, 2015, Echols filed the instant motion, seeking remand on grounds

that removal was improperly based on a counterclaim and neither CACH nor SquareTwo had statutory authority to remove the case.

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation omitted). "The[] statutory procedures for removal are to be strictly construed." *Id.* "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citations omitted).

Echols argues that CACH and SquareTwo are not defendants for purposes of removal, and therefore they failed to establish federal jurisdiction. Under the removal statute, a civil action filed in state court may be removed by the defendant or defendants to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). CACH and SquareTwo contend that removal was proper because Slayton, as a plaintiff, filed a new complaint against them, as defendants, on April 8, 2015, when his claims were added to the second amended counterclaim. They characterize the second amended counterclaim as a new complaint and urge the Court to

realign the parties and deny remand, as Slayton has asserted federal question claims against them and diversity exists.

"[J]urisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009) (quoting *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006)). Reviewing the record as it existed at the time of removal, it is clear that neither CACH nor SquareTwo had statutory authority to remove the case to federal court. Although CACH had filed a motion to dismiss the case in state court, the motion was still pending at the time of removal. The Court concludes that CACH was the plaintiff in the state court action with claims pending against Echols. CACH and SquareTwo have not provided the Court with any authority to indicate that a plaintiff is entitled to removal.

Further, the Eighth Circuit Court of Appeals has held that the removal statute does not permit removal by third-party defendants. *See Lewis v. Windsor Door Co.*, 926 F.2d 729, 733-34 (8th Cir. 1991). It is undisputed that SquareTwo was a third-party defendant at the time of removal. Accordingly, SquareTwo also lacked statutory authority to remove the case.[3]

---

[3] CACH and SquareTwo argue that Slayton's claims have independent legal significance that must be considered a separate complaint, but failed to provide the Court with any compelling argument or case law to support this position.

Ultimately, CACH and SquareTwo have not shown that they were entitled to remove the case and invoke the jurisdiction of the federal courts. For the reasons set forth above, Defendant Echols's motion for remand (Doc. 17) is **GRANTED** and the case is remanded to the Clark County Circuit Court.

It is FURTHER ORDERED that the motion to dismiss (Doc. 20) filed by Plaintiff CACH, LLC and Third-Party Defendant SquareTwo Financial Corporation is **DENIED** as moot.

Defendant Echols's request for attorney's fees and costs in pursuit of this motion is **DENIED**. The parties are to bear their own fees and costs.

IT IS SO ORDERED this 2nd day of July, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge